UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MALACHI KILGORE-BEY,<br><br>        Petitioner,<br><br>v.<br><br>TERRIL FLOYRCK and<br>MICHELLE SMITH,<br><br>        Respondents. | Civil No. 06-1610 (JRT/FLN)<br><br>**REPORT AND<br>RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that the petition for writ of habeas corpus should be SUMMARILY DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Stillwater, Minnesota. His present application for habeas corpus relief does not challenge the validity of his original criminal conviction or sentence; instead he is seeking to overturn a prison disciplinary sanction that allegedly extended the term of his confinement by six months. He wants the disciplinary action to be vacated so that his

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

prison term will be shortened by six months.[2]

However, it clearly appears that Petitioner has not presented any of his current claims for relief in any state court proceeding.  It will therefore be recommended that this action be summarily dismissed based on Petitioner's failure to exhaust his state court remedies.[3]

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional

---

[2] It appears that Petitioner may also be challenging other disciplinary sanctions, including an assignment to segregated confinement.  To the extent that he is challenging such other sanctions, however, his claims pertain to the conditions of his confinement, rather than the fact or duration of his confinement, and such challenges cannot be raised in a habeas corpus proceeding.  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy").  In theory, Petitioner could challenge the constitutionality of his segregated confinement in a separate civil rights action brought under 42 U.S.C. § 1983.  As a practical matter, however, it would be unwise for Petitioner to pursue such an action, because segregated confinement normally does not constitute the type of "atypical and significant hardship" that is needed to support a prisoner § 1983 claim.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003), citing Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

[3] The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis).  However, given Petitioner's failure to exhaust his state court remedies, addressing the fee issue would only delay the inevitable dismissal of this action.

errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking habeas relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a habeas corpus petition to the Minnesota state courts.  This remedy is provided by Minn.Stat. § 589.01, which states that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint.  For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution."

Minnesota appellate courts have previously recognized that this statute can be used by state prison inmates seeking judicial review of prison disciplinary proceedings.  See Case v. Pung, 413 N.W.2d 261 (Minn.App. 1987), review denied, Nov. 24, 1987.

Because Petitioner has not pursued the remedy available under Minnesota's habeas corpus statutes, (including the right of appeal under § 589.29), he has failed to exhaust his

state court remedies with regard to the claims presented here. Therefore, federal habeas corpus review is not currently available to him.

In sum, it plainly appears on the face of the petition that Petitioner's current claims for relief cannot be entertained at this time due to his failure to exhaust his state court remedies. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. It will be further recommended, however, that this action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after he has exhausted his state court remedies for every claim that he seeks to raise in federal court. See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[4]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's habeas corpus petition, (Docket No. 1), be DENIED; and

2. This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated: May 2, 2006

                                                s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

---

[4] Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted at the state district court level), including the right to seek review in the Minnesota Supreme Court. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 19, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.